PAUL STURM AND WIFE *v.* GIDEON S. WHITE *et al.*

WILL. *Legacy. Attachment.* A died leaving a will, in which he leaves to his wife and executrix the whole of his property, to be used by her for the support and education of his children, but allowing her at any time, in her discretion, to advance a portion of the estate among the children, and to assist any one of them who, from loss or misfortune, might be in want. There were seven children, and a creditor of one of them filed a bill seeking to attach and subject his interest under the will to the payment of the debt. *Held,* that the interest was so uncertain, contingent, and indefinite, that it was not susceptible of attachment.

Case cited: Lockwood & Co. *v.* Nye *et al.,* 2 Swan, 515.

FROM KNOX.

Appeal from the Chancery Court. O. P. TEMPLE, Chancellor.

Brown & HICKS for plaintiff.

No counsel marked for defendant.

DEADERICK, J., delivered the opinion of the court.

Paul Sturm and wife filed their bill in the Chancery Court at Knoxville seeking to reach the alleged interest in remainder of defendant Gideon White, in the estate of his father. They charge that said Gideon is a non-resident of the State, and that he is indebted to them by note in the sum of $200; that his father departed this life in 1863, having made his will, bequeathing to him a legacy of $250, and an equal interest in his estate, with his other seven legatees and devisees; that said legacy has not been paid, nor has distribution of the estate been made, and praying that an attachment issue and be levied on his interest in said estate, and especially upon two tracts of land and a store-house in Knoxville. Gideon and the widow and children of testator are made defendants. Mary, E., the widow, and executrix of the will, denies that there is anything due to Gideon from the estate, and the will is on file, and shows that the maintenance and support of his family and the education of his younger daughters and their support while they remained single, were primary objects of the testator, and to this end he leaves all his property, real and personal, in the hands of his wife, Mary E., to be used and managed by her for the support and education of their children, allowing her at any time to advance, at her discretion, a portion of his estate among his children, and giving her discretion to assist any of their children who, from loss or misfortune, may be in want.

Under this discretion the executrix states that she has advanced to her son Gideon, before the filing of the bill, more than his equal share in the estate, the two tracts of land having been sold under the direction of said chancery court for the purpose of raising funds to pay debts, and some specific legacies remaining unpaid. But it is insisted in the answer that nothing is or will be due to defendant Gideon from the estate.

Although not legally proven, it is nevertheless most probable that if an account of the assets of the estate were now taken, it would be found that Gideon had received his share of it. But in looking to the provisions of the will, it is manifest that it may become necessary, for the future maintenance and support of the widow and daughters of defendant, still further to draw upon the means and property of said estate, and that if such exigency should arise the executrix might well appropriate any means remaining unexpended for these cardinal purposes of the testator. Gideon has no fixed, certain, and vested interest in remainder in the remaining property of the estate. It may be needed, and may be used under the will for other purposes.

In the case of *Lockwood & Co.* v. *Nye et al.*, 2 Swan, 515, the testator gave all his property to his wife during her life or widowhood, and at her death or marriage, to be divided equally amongst his children. The interest of one of the children was attached, and this court held that as a vested remainder, a present fixed right, it might be attached. But

in this case, by the large discretion and powers vested in the widow, and the charges imposed upon the property, it is uncertain and doubtful whether there will be any surplus for distribution at the death of the widow. Gideon's right to anything out of the estate, leaving out of view the advancements already made to him, depends upon the future and contingent necessities of the family. His interest is not fixed certain, or susceptible of being ascertained now like the case in 2 Swan, where the right was vested, and the time of its consummation, by the death of the life tenant, the only uncertainty.

We think it would be carrying the doctrine to an unwarrantable length to hold that Gideon has such an interest in the estate of his father as to certain and vested lands, and liable to attachment.

The Chancellor dismissed the bill, and we affirm his decree.